**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

ANDERSON GARCIA,
Defendant.

21 Cr. 402 (RMB)

**DECISION & ORDER**

Defendant Anderson Garcia has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant asserts, among other things, that his "rehabilitation," "mental health disorders," and "age at the time of the offense" warrant a reduction in sentence; and he "requests an updated psychological assessment . . . to provide the Court with current and comprehensive information regarding his mental health" pursuant to 18 U.S.C. § 4241. (Def. Motion, dated Aug. 20, 2025, at 2-3).

The Government responds that Defendant's motion should be denied for several reasons, namely, "fail[ure] to exhaust his administrative remedies;" failure to demonstrate extraordinary and compelling circumstances; and the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction. (G'vt Opp'n, dated Sept. 17, 2025, at 5-6). The Government also contends that a mental health hearing under Section 4241 is not called for. (G'vt Opp'n, dated Sept. 17, 2025, at 3 n.4).

**For the foregoing reasons, Defendant's motion is respectfully denied.**

## I. Background

On June 30, 2021, Defendant (at the age of 23) pleaded guilty to "conspiracy to commit Hobbs Act robbery." (Snt'g Tr., dated Sept. 21, 2022, at 8). Defendant's Sentencing Guidelines range was 140 to 175 months; his offense level was 28; and his criminal history category was VI. (Snt'g Tr.,

dated Sept. 21, 2022, at 8). Defendant had participated in an armed robbery during which "the victim was pistol-whipped in the head and left to bleed, while [D]efendant and his co-conspirators made off with drugs." (PSR, dated Apr. 19, 2022, at 5, 7). On September 21, 2022, Defendant was sentenced to 145 months in prison followed by three years of supervised release. (Judgment, dated Sept. 21, 2022, at 2, 3).

## II. Legal Standard

"The submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *United States v. Forte*, 2021 WL 1579090, at *2 (S.D.N.Y. Apr. 21, 2021).

In order for the Court to grant a motion for compassionate release, the defendant must demonstrate that: (i) he has exhausted his administrative remedies; (ii) there are extraordinary and compelling reasons for a reduction of the sentence; (iii) the Section 3553(a) sentencing factors favor reducing the sentence; and (iv) a sentencing reduction must be consistent with the Sentencing Commission's policy statements. *See United States v. Fernandez*, 795 F. Supp. 3d 457, 462 (2025).

### Section 4241

Defendant "requests an updated psychological assessment . . . to provide the Court with current and comprehensive information regarding his mental health" pursuant to 18 U.S.C. § 4241. (Def. Motion, dated Aug. 20, 2025, at 2). Section 4241 is inapplicable here. By its terms, Section 4241 applies to trial proceedings prior to sentencing and at any time **after** the commencement of probation or supervised release. *Ryan v. Gonzalez*, 133 S. Ct. 696, 699 (2013); *see also* 18 U.S.C. § 4241. Defendant has already been sentenced, and he has not begun a term of probation or supervised release. *United States v. Handerhan*, 2015 WL 13843098, at *1 (M.D.P.A. Sept. 22, 2015); *see also Blair v. Martel*, 645 F.3d 1151, 1155 (9th Cir. 2011).

It should also be noted that Defendant receives medical treatment from Bureau of Prisons at USP Beaumont. (See Def. Medical Records, G'vt Ex. C, at 1-2); *see also United States v. White*, 2021 WL 306880, at *2 (S.D.N.Y. Jan. 29, 2021); *United States v. Williams*, 2023 WL 4785286, at *10 (S.D.N.Y. July 27, 2023); *United States v. Arbasiar*, 2026 WL 1661993, at *5 (S.D.N.Y. June 9, 2026).

**Exhaustion of Administrative Remedies**

The Government contends that the issue presented by the Defendant to the Warden on January 6, 2025 is different than the issues in the motion for compassionate release. (G'vt Opp'n, dated Sept. 17, 2025, at 5; *see also* Letter from Anderson Garcia to Warden C. Lepe, dated Jan. 6, 2025, G'vt Ex. A, at 3). Defendant requested that the Warden "consider [him] for a reduction in sentence pursuant to . . . newly revised 2023 Federal Sentence Guidelines." (Letter from Anderson Garcia to Warden C. Lepe, dated Jan. 6, 2025, G'vt Ex. A, at 3). And, he argued that "Hobbs Act Robbery is not a crime of violence under the [amended] Guidelines." (*Id.*). The Warden denied Defendant's application, finding that the "newly revised federal sentencing guidelines relating to the Hobbs Act . . . do not [present] extraordinary or compelling circumstances." (Letter from Warden C. Lepe to Anderson Garcia, dated Mar. 31, 2025, G'vt Ex. A, at 1). According to the Government, Defendant's application to the Warden, dated January 6, 2025, sets forth "entirely different reasons [than those] raised in his present motion." (G'vt Opp'n, dated Sept. 17, 2025, at 5; *see also* Letter from Anderson Garcia to Warden C. Lepe, dated Jan. 6, 2025, G'vt Ex. A, at 3).

The Court will assume that Defendant has exhausted his administrative remedies and will turn to the merits of Defendant's motion. *See United States v. Akinpelu*, 2025 WL 2323799, at *5 (S.D.N.Y. Aug. 12, 2025).

**No Extraordinary and Compelling Reasons**

Defendant fails to "demonstrate any extraordinary and compelling reason for a reduction of sentence." (G'vt Opp'n, dated Sept. 17, 2025, at 5). For one thing, Defendant's claim that he has "demonstrated commitment to rehabilitation" is insufficient to justify early release. (Def. Motion, dated Aug. 20, 2025, at 3); *see United States v. Corbett*, 2023 WL 8073638, at *7 (S.D.N.Y. Nov. 21, 2023). It appears that, according to the Government, "Defendant has continued to commit crimes while in prison." (G'vt Opp'n, dated Sept. 17, 2025, at 5; Def. Disciplinary Record, G'vt Ex. B, at 1); *see United States v. Cave*, 2024 WL 3888737, at *4 (S.D.NY. Aug. 21, 2024); *Corbett*, 2023 WL 8073638, at *7. In January of 2025, "Defendant conspired with an outside source to send him an amphetamine-soaked letter through the mail." (G'vt Opp'n, dated Sept. 17, 2025, at 5; Def. Disciplinary Record, G'vt Ex. B, at 1). Defendant's claim of rehabilitation is undermined by his disciplinary record. *See United States v. Silva*, 2024 WL 515524, at *6 (S.D.N.Y. Dec. 18, 2024).

Second, Defendant's mental health issues do not support or justify early release. "The existence of mental illness, without evidence of incapacitation or inability to function within a correctional setting, does not establish a basis for release." *United States v. Arbasiar*, 2026 WL 1661993, at *5 (S.D.N.Y. June 9, 2026). At the Defendant's sentencing, Defendant's mental health issues were discussed, and, as a result, Defendant has access to mental health treatment while incarcerated. (Snt'g Tr., dated Sept. 21, 2022, at 12-13, 18, 22, 47-48; *see* Judgment, dated Sept. 21, 2022, at 2). And, during his imprisonment, Defendant has received treatment including medication for depressive disorder. (Def. Medical Records, G'vt Ex. C, at 1-2). In these circumstances, Defendant's mental health conditions do not qualify as extraordinary and compelling circumstances. *Arbasiar*, 2026 WL 1661993, at *5; *United States v. Herring*, 2022 WL 633871, at *2 (S.D.N.Y. Mar. 4, 2022).

Third, Defendant's age at the time of the offense does not establish extraordinary and compelling circumstances. It should be noted that Defendant had amassed a VI criminal history category by the time he was 23 years old. (PSR, dated Apr. 19, 2022, at 4); *see United States v. Santos*, 2026 WL 369412, at *4 (S.D.N.Y. Feb. 10, 2026). As the Government points out, "the Court already considered [Defendant's] age at the time of . . . sentenc[ing]." (G'vt Opp'n, dated Sept. 26, 2025, at 5; S'ntg Tr., dated Sept. 21, 2022, at 12, 14, 22); *see United States v. Jones*, 2023 WL 2929299, at *3 (S.D.N.Y. Apr. 13, 2023). He has failed to demonstrate any new developments that indicate that his age constitutes extraordinary and compelling circumstances. (G'vt Opp'n, dated Sept. 26, 2025, at 5); *see United States v. Green*, 2025 WL 3470099, at *3 (S.D.N.Y. Dec. 3, 2025); *see also United States v. Gaton*, 2026 WL 1132836, at *2 (Apr. 27, 2026).

**<u>The 3553(a) Factors Weigh Against Defendant's Early Release</u>**

The 3553(a) factors which militate against compassionate early release include these: (1) the nature and circumstances of the offense, (2) the history and characteristics of the Defendant, (3) the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and to afford adequate deterrence and relatedly (4) the need to protect the public. *United States v. Needham*, 2023 WL 2172382, at *2 (2d Cir. 2023); *Arbasiar*, 2026 WL 1661993, at *7.

Defendant's sentence of 145-months reflects a violent nature of the Defendant's offense. *United States v. Blair*, 2021 WL 119248, at *5 (S.D.N.Y. Jan. 13, 2021). As the Government states, the Defendant committed an "extraordinarily serious and violent home invasion drug robbery." (G'vt Opp'n, dated Sept. 17, 2025, at 6). "This was a particularly violent crime in that the victim was pistol whipped and . . . [the victim] suffered some severe injuries." (Snt'g Tr., dated Sept. 21, 2022, at 9). The offense included a "traumatic brain injury that required hospitalization and

surgery" of a victim. (Snt'g Tr., dated Sept. 21, 2022, at 9). And, "the injury left [the victim] in constant pain with permanent brain damage." (PSR, dated Apr. 19, 2022, at 7).

And, as the Government points out, "defendant committed this crime after sustaining a significant and violent criminal history, which included injuring police officers, victims, and corrections officers." (G'vt Opp'n, dated Sept. 17, 2025, at 6; PSR, dated Apr. 19, 2022, at 9-15, 27). Defendant's prior convictions include assault in the third degree; robbery in the third degree; criminal possession of stolen property; and possession of heroin, a controlled substance. (*See* PSR, dated Apr. 19, 2022, at 10-13); *see United States v. Clott*, 2022 WL 2354523, at *3 (S.D.N.Y. June 30, 2022). Defendant's extensive criminal history "counsels against releasing him." *United States v. Daidone*, 2022 WL 443778, at *3 (S.D.N.Y. Feb. 14, 2022). "Courts regularly deny compassionate release to violent offenders and recidvists with long criminal histories." *United States v. Moye*, 2021 WL 4847302, at *3 (S.D.N.Y. Oct. 16, 2021).

Third, "a lengthy sentence [such as Defendant's] remains important to deter criminal conduct." *United States v. Delgado*, 582 F.Supp.3d 136, 142 (S.D.N.Y. Jan. 27, 2022). Defendant engaged in the offense conduct in this case and was undeterred by his lengthy criminal record. *United States v. Ortiz*, 2020 WL 3640582, at *3 (S.D.N.Y. July 6, 2020). And, as noted, Defendant has continued to commit criminal conduct during his term of incarceration, (*see* p. 4, above; Def. Disciplinary Record, G'vt Ex. B, at 1), endeavoring with an outside source to "attempt to int[r]oduce drug[s] into the Institution." (Def. Disciplinary Record, G'vt Ex. B, at 1; Gov't Opp'n, dated Sept. 17, 2025, at 5); *see also United States v. Kee*, 2020 WL 5441583, at *1 (S.D.N.Y. Sept. 9, 2020).

Fourth, "the need to protect the public . . . weigh[s] against a reduction in [Defendant's] sentence." *United States v. Morris*, 2026 WL 2169700, at *4 (S.D.N.Y. July 28, 2026). For

example, Defendant's history included "crashing his motorcycle into police cars," "dragging a robbery victim around on the sidewalk," and "assaulting a corrections officer, who consequently suffered bruising, swelling [and] contusions." (Snt'g Tr., dated Sept. 21, 2022, at 12; PSR, dated Apr. 19, 2022, at 27); *see Morris*, 2026 WL 2169700, at *4.

Fifth, Defendant's 145-month sentence reflects the seriousness of his crime, promotes respect for the law, affords adequate deterrence to criminal conduct and, perhaps most important, protects the public from further crimes. (Snt'g Tr., dated Sept. 21, 2022, at 59). A sentence reduction would not serve to deter violent crimes, nor would it protect the community. *See United States v. Davis*, 2023 WL 4398504, at *3 (S.D.N.Y. July 7, 2023).

**United States Sentencing Commission Policy Statements**

Early release is not warranted because a "sentence reduction is inconsistent with Policy Statement 1B.13." *See United States v. Feliz*, 2025 WL 2443701, at *3 (S.D.N.Y. Aug. 25, 2025). 1B.13 "recommends a reduction in sentence **only** upon a showing that 'the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Cargill*, 2020 WL 6562356, at *2 (S.D.N.Y. Nov. 6, 2020). That is not the case here. (*See, e.g.*, pp. 5-6; *see also* Snt'g Tr., dated Sept. 21, 2022, at 9). "Defendant has not demonstrated that his immediate release would **not** 'be a danger to the safety of the community or any other person.'" *Feliz*, 2025 WL 2443701, at *3.

## III. Conclusion

For the reasons stated above, Defendant's motion for a sentence reduction is respectfully denied.

Date: November 25, 2026
New York, New York

Richard M. Berman
**RICHARD M. BERMAN, U.S.D.J.**